IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBIN DEE MOHNS,

                              Plaintiff,

      v.                                                  OPINION and ORDER

KILOLO KIJAKAZI,                                          22-cv-82-jdp
Acting Commissioner of the Social Security
Administration,

                              Defendant.

Plaintiff Robin Dee Mohns seeks judicial review of a final decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, finding that Mohns was not disabled within the meaning of the Social Security Act. Mohns contends that administrative law judge (ALJ) Guila Parker erred in three ways: (1) failing to apply the proper standard for evaluating medical opinions; (2) conducting a flawed analysis of Mohns's subjective complaints; and (3) failing to ensure that the vocational expert used a reliable method to estimate the number available jobs that Mohns could perform. For the reasons explained below, the court will affirm the commissioner's decision.

BACKGROUND

Mohns applied for disability insurance benefits, alleging disability beginning in September 2018. R. 24.[1] In a June 2021 decision, the ALJ found that Mohns suffered from the following severe impairments: migraine headaches, depression, anxiety, and an impulse control

---

[1] Record cites are to the administrative transcript located at Dkt. 9.

disorder. *Id.* Based on these impairments, the ALJ found that Mohns had the residual functional capacity (RFC) to perform work at all exertional levels, with numerous nonexertional limitations, including the following:

- She can carry out simple tasks for two-hour intervals over an eight-hour day, with routine breaks.

- She can work in a low stress job, which means that it requires only occasional work-related decisions and involves only occasional changes in the work setting.

- She can occasionally interact with supervisors and coworkers but cannot perform tandem tasks requiring coordination with co-workers.

- She can work in proximity to the public and have brief interaction with the public.

R. 26. Relying on the testimony of a vocational expert, the ALJ found that Mohns could perform her past relevant work as a commercial cleaner as well as other jobs that are available in significant numbers in the national economy, including as a food preparer, a small products assembler, and a dishwasher. R. 34–35.

Mohns now appeals to this court. On appeal, the court's role is to review the ALJ's decision for legal errors and to determine whether the decision is supported by substantial evidence. *See Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). The substantial evidence standard is not high and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

ANALYSIS

Mohns asserts that the ALJ committed errors that fall into three categories. The court will consider each category in turn.

## A. Medical opinions

Mohns challenges the ALJ's handling of the medical opinions related to Mohns's ability to handle work stress and social interaction.[2] In evaluating medical opinions, the ALJ must consider how well supported the opinion is and how consistent it is with the evidence in the record. 20 C.F.R. § 416.920c(a); *Albert v. Kijakazi*, 34 F.4th 611, 614 (7th Cir. 2022).

In this case, the ALJ considered four medical opinions that addressed the issues of stress or social interaction. First, state-agency psychologist Kevin Donovan concluded based on a record review in November 2019 that Mohns could perform detailed but not complex tasks in jobs requiring occasional interaction with coworkers and the public. R. 97. The ALJ determined that Donovan's opinion wasn't persuasive, in part because he didn't explain why he found limitations for interacting with coworkers and the public but not with supervisors. R. 30.

Second, state-agency psychologist Susan Donahoo concluded based on a record review in October 2020 that Mohns could sustain basic work activities that are consistent with her "aptitudes and interests," so long as they require only superficial social interactions. R. 144. The ALJ determined that Donahoo's opinion wasn't persuasive, in part because of internal inconsistencies and in part because the opinion was "too vague to be of assistance." R. 30–31.

Third, psychologist Steven Walters offered the following opinion based on an examination and record review in October 2019:

---

[2] The medical sources offered opinions about other mental limitations as well, but Mohns doesn't challenge the ALJ's handling of those opinions, so it isn't necessary to discuss them.

> In regard to Ms. Mohns' ability to tolerate stress of a normal work week it is thought her ability is reduced. She cannot utilize all stress reducing measures due to anxiety and she seemed to lack knowledge of a wide range of stress reducing activities. Ms. Mohns lacks ability to tolerate stress of a normal work week.
>
> With respect to Ms. Mohns' ability to interact appropriately with coworkers and supervisors it is thought her ability is reduced. She communicated in a satisfactory way during the interview with but one person present. When numbers of persons in the work setting rise above one, she reportedly struggles. Ms. Mohns lacks ability to participate in these types of interactions unless numbers are kept low.
>
> When considering Ms. Mohns' ability to interact appropriately with persons of the public it is thought her abilities are reduced. She has all skills necessary for this type of interaction and yet is very uncomfortable with more than one person at a time. It is opined she can work in jobs requiring occasional interaction and cannot work in jobs requiring frequent interaction.

R. 825–26.[3] The ALJ did not find these opinions to be persuasive. As for Walters's opinion about Mohns's ability to handle stress, the ALJ wrote that the opinion was too vague to be helpful because it didn't identify what Mohns's stressors were, and it didn't address the question whether Mohns could work in low-stress job setting. R. 32. As for Walters's opinion about Mohns's social interaction skills, the ALJ wrote that: (1) the opinion is "unclear" because it states both that Mohns can occasionally interact with others and that Mohns has difficulty with any interaction involving more than one person; and (2) Walters's opinion about how many people Mohns could interact with was based on Mohns's subjective reports. *Id.*

---

[3] Mohns refers in her opening brief to "Resien-Garvey's opinion" multiple times. Dkt. 13, at 18–19. Michelle Resien-Garvey is a physician assistant who treated Mohns in 2018. R. 628–31. The substance of Mohns's argument in this section of her brief is about Walters's opinion, so the court will assume that the reference to Resien-Garvey's opinion was a mistake. In her reply brief, Mohns refers to one of Resien-Garvey's progress notes as a "medical opinion," Dkt. 16, at 15, but the note simply summarizes Mohns's subjective complaints; it doesn't offer an opinion about Mohns's limitations. R. 628.

Fourth, nurse practitioner Denver Cook concluded in February 2021 based on his treatment of Mohns that she could work in coordination with others and get along with coworkers, but that she had little or no ability to deal with "normal work stress." R. 1477–78.[4] The ALJ determined that Cook's opinion on stress was unpersuasive because it was "too generic" to be helpful. R. 32. The ALJ also wrote that Cook relied on Mohns's subjective reports and that Cook's opinions were inconsistent with his own examinations and other mental status examinations. *Id.*

Mohns doesn't challenge the ALJ's handling of Donahoo's opinion, so the court won't discuss her opinion further. As for the other three opinions, Mohns contends that the ALJ "failed to assess the[ir] consistency . . . and consider how each supported each other." Dkt. 13, at 16. This contention has multiple problems.

First, this court has previously held that an ALJ isn't required to give more weight to a medical opinion simply because it is consistent with another opinion: "two flawed opinions do not equal a good one." *Cassens v. Saul*, No. 19-cv-912-jdp, 2020 WL 3316094, at *3 (W.D. Wis. June 18, 2020). The important question is whether the ALJ's reasons for discounting a particular opinion are supported by substantial evidence. *Gibbons v. Saul*, 801 F. App'x 411, 415–16 (7th Cir. 2020). Mohns contends that the reasoning of *Cassens* doesn't apply because the ALJ in that case had rejected in full both of the medical opinions at issue, but in this case, the ALJ founds portions of the medical opinions to be persuasive. Dkt. 16, at 17. But this distinction misses the point of *Cassens*, which is that a defect in a medical opinion doesn't

---

[4] Cook also concluded that Mohns would be absent from work more than three times a month. R. 1477. The ALJ rejected that opinion as unsupported, R. 33, and Mohns doesn't challenge that conclusion.

become a strength simply because the same defect is in multiple opinions. For example, if a medical source offered the opinion that a claimant was exaggerating her symptoms because the source believed that all claimants are malingering, the ALJ would not be entitled to credit that opinion simply because it was shared by another source.

Second, Mohns doesn't explain how Donovan's opinion supports her disability claim. Donovan did not identify any limitations related to stress or interacting with supervisors, and he concluded that Mohns could occasionally interact with coworkers and the public. That is less restrictive than the ALJ's RFC, which found that Mohns can occasionally interact with supervisors and coworkers and can briefly interact with the public. So even if the ALJ was wrong to reject Donovan's opinion, that would be harmless error. *See Olson v. Kijakazi*, No. 21-cv-181-jdp, 2022 WL 1486006, at *4 (W.D. Wis. May 11, 2022) ("[T]he imposition of greater limitations than indicated by medical opinions is not grounds for remand."). Mohns says nothing about Donovan in her reply brief, suggesting that she is abandoning any reliance on Donovan.

Third, Mohns doesn't explain how the opinions of Walters and Cook are inconsistent with the ALJ's RFC regarding Mohns's social interaction abilities. Cook found that Mohns had a good ability to work in coordination with or in proximity to others and to get along with coworkers and a fair ability to take instruction from supervisors and interact with the public; Walters found that Mohns can work in jobs requiring occasional interaction with others. Cook and Walters didn't use the same language as the ALJ, but Mohns doesn't explain how the limitations found by Cook and Walters are more restrictive than the significant limitations found by the ALJ.

It is true that Walters wrote that Mohns "reportedly struggles" when there is more than one other person in the work setting. But as the ALJ noted, Walters didn't clarify how that observation squares with Walters's finding that Mohns was capable of occasional interaction with others. In any event, no other expert offered an opinion that Mohns was limited to interacting with one other person, so this opinion wouldn't be entitled to more weight even under Mohns's own theory that two consistent opinions are more persuasive. Furthermore, as Walters himself acknowledged, the statement that Mohns had difficulty around more than one person was based on her own subjective reports, so the ALJ wasn't required to credit the statement. *See Karr v. Saul*, 989 F.3d 508, 511–12 (7th Cir. 2021) ("[A]n ALJ does not owe any deference to the portion of a treating physician's opinion based solely on the claimant's subjective complaints.").

Fourth, it also isn't clear whether there is any inconsistency between the ALJ's RFC and the opinions of Walters and Cook that Mohns lacked the ability to tolerate "normal" work stress. The ALJ restricted Mohns to low stress jobs that require only occasional work-related decisions and involve only occasional changes in the work setting. Mohns points to no specific findings by any expert that are inconsistent with the RFC. As the ALJ noted, neither Cook nor Walters identified particular stressors that would render Mohns unable to work even when she was required to make only occasional work-related decisions and make occasional changes to her work.

Mohns says that clarity is provided by medical records, which show that she has "a history of social settings triggering her anxiety." Dkt. 13, at 18. She cites progress notes summarizing her own subjective complaints that she "[g]ets palpitations when around even 1 person but much worse around groups of people" and that she has symptoms such as

headaches, vision changes, and depression when she goes to work. R. 628, 1282. But, again, the ALJ isn't required to consider a claimant's subjective complaints when evaluating a medical opinion. Further, Mohns's statement that even one person makes her anxious is inconsistent with Walters's report, which did not include any objective observations of Mohns's anxiety during the exam; rather, Walters wrote that Mohns "communicated in a satisfactory way during the interview" and that Mohns performed adequately on all the objective portions of the exam. So even if Walters meant to give an opinion that Mohns would be overwhelmed by having even occasional interaction with others, the ALJ wasn't required to credit the opinion.

The same goes for Cook's opinion. Even if Cook meant to offer an opinion that any work would be too stressful for Mohns, the ALJ gave valid reasons for rejecting that opinion, including that the opinion would be inconsistent with Cook's own examinations. Mohns criticizes the ALJ for failing to explain what the inconsistency is. But the court must read the ALJ's decision as a whole. *See Gedatus v. Saul*, 994 F.3d 893, 903 (7th Cir. 2021). In a different part of the decision, the ALJ cited Mohns's normal mental status examinations, including those performed by Cook, as evidence that her reported mental health symptoms are inconsistent with the record. R. 29. Mohns doesn't challenge that reasoning in either of her briefs. Instead, she cites three progress notes in which she reported to Cook that she was anxious and depressed. R. 1005, 1485, 1515. This is more subjective evidence that the ALJ wasn't required to credit when evaluating the medical opinions. In any event, the ALJ included anxiety as one of Mohns's severe impairments, and she incorporated multiple restrictions into the RFC based on that impairment, so she accounted for Mohns's anxiety.

The bottom line is that most of the medical opinions were consistent with the RFC, and the remaining opinions were unsupported by any evidence that the ALJ was required to credit.

The court concludes that Mohns hasn't shown that the ALJ erred in her handling of the medical opinions.

## B. Subjective complaints

The ALJ identified several reasons to support her conclusion that the evidence didn't fully support Mohns's subjective complaints related to her migraines and anxiety. As for her migraines, the ALJ cited treatment records from December 2020 as evidence that the headaches were "well controlled." R. 27. As for her anxiety, the ALJ gave several reasons: Mohns had received little treatment other than medication for her anxiety; she went more than a year without medication; her mental status examinations were consistently within normal limits; and she had taken on significant responsibilities that were inconsistent with a claim of total disability, such as making funeral arrangements when her father died, handling the estate, and caring for her disabled mother. R. 27–30.

Mohns includes a two-page section in her opening brief called "The ALJ's credibility determination was flawed." Dkt. 13, at 25. But she includes no arguments about what those alleged flaws were. Instead, she provides a summary of the ALJ's reasoning, followed by a summary of some medical records. *Id*. at 26–27. In her reply brief, she recites the ALJ's summary of her subjective complaints and concludes by stating that her "anxiety and headaches were well documented in [her] medical records." Dkt. 16, at 19.

Mohns doesn't apply or acknowledge the standard of review, which requires her to show that the ALJ's reasoning was "patently wrong" and "lacks any explanation or support." *Elder v. Astrue*, 529 F.3d 408, 413–14 (7th Cir. 2008). In fact, she doesn't identify any defects with the ALJ's reasoning or explain how the cited medical records show that the ALJ erred. The records she cites show that Mohns complained to her treatment providers about headaches and

anxiety, and she was prescribed medications for those conditions. But the ALJ acknowledged those records in her decision, and she explained for the reasons identified above why she wasn't persuaded that the records demonstrated that Mohns is disabled. There are no obvious flaws in the ALJ's reasoning, so the court concludes that Mohns forfeited any contention that a remand is required for a faulty evaluation of the subjective complaints. *See Hall v. Berryhill,* 906 F.3d 640, 644 (7th Cir. 2018).

## C.  Vocational expert testimony

The ALJ concluded that Mohns could perform her past work as a cleaner as well as other jobs available in significant numbers in the national economy, including 800,000 food preparer jobs, 1 million small products assembler jobs, and 50,000 dishwasher jobs. R. 34–35. Mohns contends that the vocational expert's testimony doesn't demonstrate that he used a reliable method to determine those job number estimates, as required by *Ruenger v. Kijakazi,* 23 F.4th 760, 762 (7th Cir. 2022), and *Chavez v. Berryhill,* 895 F.3d 962, 966 (7th Cir. 2018).

The commissioner doesn't respond to the substance of this argument. Instead, she says that any error was harmless because the ALJ's finding that Mohns could perform her past job as a cleaner doesn't require job estimates, and a finding that a claimant can perform a past job is sufficient to defeat a disability claim. *See* 20 C.F.R. § 404.1520(a)(4)(iv). In her reply brief, Mohns doesn't challenge the commissioner's contention that any error was harmless, so Mohns forfeited this argument as well.

10

ORDER

IT IS ORDERED that the decision of the commissioner is AFFIRMED. The clerk of court is directed to enter judgment in favor of the commissioner and close this case.

Entered January 31, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

11